752 A.2d 384

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Clark R. MacPHERSON, Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 2000.

Decided May 18, 2000.

572

574

Francis Schultz, Meadville, for appellant.

Stuart Suss, Dist. Atty. Association (Amicus).

Bruce Alan Barrett, Meadville, for appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

In this direct appeal brought under 42 Pa.C.S. § 722(7), we consider whether the court of common pleas correctly determined that 75 Pa.C.S. § 3731(a.1) of Pennsylvania's Driving Under the Influence of Alcohol statute, 75 Pa.C.S. § 3731(a)–(j) (the "DUI statute"), offends constitutional guarantees of due process. For all of the reasons discussed below, we hold that the trial court erred in declaring § 3731(a.1) unconstitutional, and reverse.

On February 18, 1998, a criminal complaint was filed in Crawford County, Pennsylvania against the appellee, Clark R. MacPherson. According to the complaint, on December 13, 1997 at 12:30 a.m., a Pennsylvania State Trooper observed a vehicle being driven erratically. Upon stopping the vehicle, the trooper noted that the driver, the appellee, smelled of alcohol, slurred his speech and had glassy, bloodshot eyes. The trooper placed appellee under arrest and transported him to a medical facility. Blood was drawn from appellee at 1:00 a.m. A chemical test of the blood sample revealed a blood alcohol content ("BAC") of .10%. On March 12, 1998, a criminal information was filed against appellee, charging him with one count of 75 Pa.C.S. § 3731(a)(1)(driving while under the influence and incapable of safe driving); one count of 75 Pa.C.S. § 3731(a)(4)(i)(driving with a BAC of .10% or greater); and one count of 75 Pa.C.S. § 3309(1)(driving on roadways laned for traffic).

Section 3731(a)(4)(i) of the DUI statute makes it a crime for an adult to drive a vehicle while his or her BAC is or exceeds .10%. 75 Pa.C.S. § 3731(a)(4)(i).[1] Under § 3731(a.1), it is

---

[1] Section 3731(a)(4) states:

§ 3731. Driving under the influence of alcohol or controlled substance
(a) Offense defined.—a person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

\* \* \* \* \* \*

(4) While the amount of alcohol by weight in the blood of:
(i) an adult is 0.10% or greater; or

*prima facie* evidence that an adult had a BAC of .10% or more at the time of driving a vehicle if a chemical test of his or her breath, blood or urine performed within three hours after driving was .10% or greater. 75 Pa.C.S. § 3731(a.1).[2]

On June 8, 1998, appellee filed a motion in limine, asking the trial court to determine whether, in light of the decision in *Commonwealth v. Wasielwski*, 25 Craw. Cty. L.J. 85 (1998), the Commonwealth had the burden of proving his blood alcohol level at the time of driving and whether the "statutory presumption" at § 3731(a.1) is unconstitutional insofar as it permits his BAC test results to constitute *prima facie* evidence of his guilt. Citing *Wasielwski*, the trial court granted the motion and entered an order dated June 12, 1998, finding that § 3731(a.1) is "unconstitutionally irrational and overbroad", and requiring the Commonwealth to relate appellee's BAC test results back to the time of driving in order to establish its case.[3]

(ii) a minor is 0.02% or greater.
75 Pa.C.S. § 3731(a)(4).

**2.** Section 3731(a.1) was enacted on December 10, 1996 and became effective on January 9, 1997. It provides in pertinent part:

§ 3731. Driving under influence of alcohol or controlled substance
(a.1) Prima facie evidence.—
(1) It is prima facie evidence that:
(i) an adult had 0.10% or more by weight of alcohol in his or her blood at the time of driving, operating or being in actual physical control of the movement of any vehicle if the amount of alcohol by weight in the blood of the person is equal to or greater than 0.10% at the time a chemical test is performed on a sample of the person's breath, blood or urine;

 * * * * * *

(2) For the purposes of this section, the chemical test of the sample of the person's breath, blood or urine shall be from a sample obtained within three hours after the person drove, operated or was in actual physical control of the vehicle.
75 Pa.C.S. § 3731(a.1).

**3.** Alcohol does not have intoxicating effects until it is absorbed into the bloodstream. Once alcohol is imbibed, however, it is not absorbed by the body immediately. Absorption occurs within thirty to ninety minutes after consumption. *Commonwealth v. Speights*, 353 Pa.Super. 258, 509 A.2d 1263, 1266 (1986), *alloc. denied, Speights v. Commonwealth*, 517 Pa. 594, 535 A.2d 83 (1987). Furthermore, alcohol is dissipated from the body gradually, and diminishes rapidly after drinking ceases.

On June 12, 1998, the Commonwealth filed an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(d) in the Superior Court.[4] As required by Pa.R.A.P.1925(a), on July 20, 1998, the trial court filed a statement of the reasons for its order, adopting the opinion in *Wasielwski* as its own. In *Wasielwski*, the defendant was stopped in his vehicle by a police officer. Defendant's BAC was tested at .14% approximately one hour and ten minutes after the stop. Defendant was charged under 75 Pa.C.S. § 3731(a)(4)(i). Prior to trial, defendant filed a motion to compel, alleging that § 3731(a.1) is unconstitutionally vague and broad, and requesting that the Commonwealth be required to relate back his blood alcohol level to the time he drove. The question the trial court considered was whether the "rebuttable presumption[ ] [at § 3731(a.1) ] unconstitutionally force[s] the defendant to defend his actions before the Commonwealth has met its burden of sufficiently establishing each element of the crime?" 25 Craw. Cty. L.J. at 98. Applying the principles enunciated in the United States Supreme Court cases of *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) and *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the court found that it cannot be said with "substan-

*Id.* Thus, a person's BAC fluctuates over time. *Commonwealth v. Jarman,* 529 Pa. 92, 601 A.2d 1229, 1231 (1992). Relating back refers to a scientific method by which a person's BAC at the time of driving is extrapolated from the results of chemical testing done at a later time. *Id.* In prosecutions under the DUI statute, relating back is the subject of expert testimony. *See id.* Typically, an expert proffering extrapolation evidence will apply several factors to the defendant's blood alcohol results and arrive at an opinion as to the defendant's BAC at the time he or she was driving. These factors include, but are not limited to, the rate of alcohol absorption and evaporation, the lapse of time between the testing and operation of the vehicle, and the lapse of time between the defendant's last drink and driving. *Commonwealth v. Montini,* 712 A.2d 761, 764 n. 1 (Pa.Super.1998).

**4.** Pa.R.A.P. 311(d) provides:

Rule 311. Interlocutory Appeals as of Right
(d) Commonwealth Appeals in Criminal Cases.
In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

tial assurance" that the presumed fact in § 3731(a.1) "more likely than not" flows from the proved fact on which it depends. *Id.* at 98–101. The court stated: "if the defendant is tested at a BAC of 0.10%, 0.105%, 0.12%, etc., thirty minutes, one hour, two hours, etc., after driving can we say that it is substantially certain that it is more likely than not that the defendant drove with a BAC of .10% or greater?" *Id.* at 99. Concluding that § 3731(a.1) is not "based on the circumstances of life as we know them", *id.* at 101, the court held that § 3731(a.1) is unconstitutional because it is "irrational", "arbitrary" and "overbroad". *Id.* at 98–101.[5]

On March 12, 1998, pursuant to 42 Pa.C.S. § 722(7)[6], which vests exclusive jurisdiction in this court over matters where the court of common pleas has invalidated a Pennsylvania statute on constitutional grounds, the Superior Court relinquished jurisdiction and transferred the Commonwealth's appeal for our review.

**5.** The trial court did not specify the constitutional provisions that 75 Pa.C.S. § 3731(a.1) violates. It can be gleaned, however, from its analysis and the cases the court cited in its opinion that it considered whether § 3731(a.1) violates the due process guarantees of the United States and Pennsylvania Constitutions. The Fifth Amendment to the United States Constitution provides in pertinent part: "No person shall ... be deprived of life, liberty, or property without due process of law...." U.S. Const. amend. V. The Pennsylvania Constitution provides in relevant part: "Nor can an accused be deprived of this life, liberty or property unless by the judgment of his peers or the law of the land." Pa. Const. art. I, § 9.

The trial court also held that because § 3731(a.1), along with § 3731(a)(4), gives clear notice of the conduct that is criminalized, it is not unconstitutionally vague. *Wasielwski,* 25 Craw. Cty. L.J. at 101–03.

**6.** 42 Pa.C.S. § 722(7) states:

§ 722. Direct appeals from courts of common pleas
The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

 ✧ ✧ ✧ ✧ ✧ ✧

(7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the United States or any provision of the Constitution or, or of any statute of this Commonwealth, or any provision of any home rule charter.

■■■■■ As this appeal concerns the constitutionality of a statutory enactment and raises the question of whether the trial court committed an error of law in concluding that § 3731(a.1) is unconstitutional, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167 (1995). The standard of review we apply to the court's conclusion is exacting. A statute will be found unconstitutional only if it "clearly, palpably and plainly" violates constitutional rights. *Id., quoting the plurality in Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339, 1340 (1983). Under well-settled principles of law, there is a strong presumption that legislative enactments do not violate the constitution. *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162, 165 (1996). Further, there is a heavy burden of persuasion upon one who questions the constitutionality of an Act. *Id.*

At the outset, we note that § 3731(a.1) was enacted to address an issue that has been a topic of continuing appellate review—under what circumstances evidence of a defendant's BAC, without evidence of relating back, is sufficient to make out a *prima facie* case in a § 3731(4) prosecution. *See id. See e.g. Commonwealth v. Yarger*, 538 Pa. 329, 648 A.2d 529 (1994); *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992); *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992).[7] The Commonwealth urges in this appeal that § 3731(a.1) would inject uniformity into § 3731(a)(4) prosecutions by defining a *prima facie* case with precision, and would eliminate the "case-by-case" review that § 3731(a)(4) prosecu-

---

7. In *Commonwealth v. Jarman*, 601 A.2d at 1231 and *Commonwealth v. Modaffare*, 601 A.2d at 1236, we concluded that because: (1) there was a significant delay between the time that the defendants were stopped and their respective blood alcohol levels were tested and (2) the blood tests revealed that defendants' respective BACs only minimally exceeded .10% at the time of testing, the evidence was insufficient to prove that their respective BACs were equal to or in excess of .10% at the time of driving. Subsequently, in *Commonwealth v. Yarger*, 648 A.2d at 531, where a person's blood alcohol test revealed levels of alcohol significantly above the legal limit and where there was not a significant lapse of time between when the driver was stopped and when the blood test was administered, we found that the Commonwealth was not required to present expert testimony to make out a *prima facie* case that the defendant drove with a BAC of .10% or greater. *See also Commonwealth v. Loeper*, 541 Pa. 393, 663 A.2d 669, 674 n. 7 (1995).

tions have generated regarding the necessity for relating back evidence in the Commonwealth's case-in-chief.

 In § 3731(a.1), the legislature created an evidentiary tool that enables the factfinder to proceed by inferential reasoning from one fact to another. That is, under § 3731(a.1), it may be deduced as a logical consequence from the fact that a defendant's BAC was .10% or greater within three hours of driving that his BAC was .10% or more at the time he drove. Thus, in certain § 3731(a)(4) cases, § 3731(a.1) obviates the need for extrapolation evidence.

Evidentiary tools like § 3731(a.1) are commonly and often interchangeably known as "inferences" or "presumptions." Both the legislatures and the courts create them. *See Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). As recognized by the United States Supreme Court, "[i]nferences and presumptions are staples of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of the crime—that is, an 'ultimate' or 'elemental' fact—from the existence of one or more 'evidentiary' or 'basic' facts." *County Court of Ulster County v. Allen*, 442 U.S. 140, 156, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)(hereinafter *"Ulster County Court "*).

 These evidentiary tools are of two types: permissive and mandatory. *Ulster County Court*, 442 U.S. at 157, 99 S.Ct. 2213; *Commonwealth v. Kelly*, 555 Pa. 382, 724 A.2d 909, 911 (1999). A permissive inference allows, but does not require, the factfinder to infer the elemental fact from proof of the basic fact and places no burden of persuasion or production on the defendant. *Id.* In this situation, the basic fact may constitute *"prima facie "* evidence of the elemental fact. *Ulster County Court*, 442 U.S. at 157, 99 S.Ct. 2213. "A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to persuade the jury that the suggested conclusion should be inferred based on the predicate facts proved." *Francis v. Franklin*, 471 U.S. 307, 314, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

By contrast, a mandatory presumption tells the trier of fact that he must find the elemental fact upon proof of the basic fact. *Id.; Commonwealth v. Kelly,* 724 A.2d at 911. A mandatory presumption is either rebuttable or conclusive. *Francis v. Franklin,* 471 U.S. at 314 n. 2, 105 S.Ct. 1965. A mandatory rebuttable presumption requires the factfinder to find the presumed element if the basic fact is proven, unless the defendant comes forward with some evidence to rebut the presumed connection between the two facts. *Id.* Once the defendant satisfies this burden of production, the ultimate burden of persuasion returns to the prosecution. *Ulster County Court,* 442 U.S. at 157–58 & n. 16, 99 S.Ct. 2213. A mandatory conclusive presumption removes the presumed element from the case once the State has proved the predicate facts giving rise to the presumption. *Francis v. Franklin,* 471 U.S. at 314 n. 2, 105 S.Ct. 1965.[8]

With regard to the analysis the courts apply when the constitutionality of an evidentiary device like § 3731(a.1) is questioned, we initially observe that as a general rule, "the ultimate test of any device's validity in [criminal cases] remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." *Ulster County Court,* 442 at 156, 99 S.Ct. 2213; *Commonwealth v. Kelly,* 555 Pa. 382, 724 A.2d at 911. This is so because the constitutional guarantee of due process mandates that a conviction be based on proof beyond a reasonable doubt of every fact that constitutes the crime charged. *Id.*

More specifically, however, because permissive inferences and mandatory presumptions differ as to the degree to which they restrict the factfinder's ability to make an independent assessment of the evidence, a proper constitutional challenge to the former differs from a proper constitutional challenge to the latter. When the constitutionality of a permissive

8. As noted, the terms "inference" and "presumption", are frequently interchanged. To avoid confusion, in this opinion, "inference" will refer to permissible inferences and "presumption" will refer to mandatory rebuttable or mandatory conclusive presumptions.

inference is raised, the party challenging it must demonstrate that the inference as applied to him violated his rights of due process. *Ulster County Court*, 442 U S. at 157, 99 S.Ct. 2213. To allow otherwise would abrogate the overriding rule, when the inference is statutory, that a party may challenge the constitutionality of a statute only insofar as it has an adverse impact on him and may not argue that it would be unconstitutional as applied hypothetically to third parties. *Id.* at 154–55, 99 S.Ct. 2213; *Knup v. City of Philadelphia*, 386 Pa. 350, 126 A.2d 399, 400 (1956). Inasmuch as the trier of fact may either accept or reject the inference, the question of whether the elemental fact is properly inferred from the basic fact rests on the connection between the facts in the context of an evidentiary record, not on an analysis of the relationship between the facts in the abstract. *Ulster County Court*, 442 U.S. at 162–63, 99 S.Ct. 2213. As explained by the United States Supreme Court:

> Because this permissive [inference] leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard, only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.

*Ulster County Court*, 442 U.S. at 157, 99 S.Ct. 2213.

On the other hand, when evaluating the constitutionality of a presumption, the courts examine the presumption on its face to determine the degree to which the basic and elemental facts coincide. *Id.* at 158, 99 S.Ct. 2213. As noted, a presumption tells the factfinder that he must find the elemental fact upon proof of the basic fact, at least unless the defendant comes forward with some evidence to rebut the presumed connection between the two. In this way, the presumption shifts the burden of proof to the defendant, and controls the trier's fact determination, despite the other facts

adduced at trial. Thus, because the trier of fact is to some extent forced to abide by the presumption, and may not reject it based on an independent evaluation of the evidence presented by the State, it is irrelevant that there may be ample proof, other than the presumption, to support a conviction. *Id.* at 159–60, 99 S.Ct. 2213. Instead, the constitutionality of a mandatory presumption depends on whether the connection between the proven and presumed facts is in "actual experience or logic" sufficient to establish the presumed fact beyond a reasonable doubt. *Commonwealth v. Kelly,* 724 A.2d at 913; *Ulster County Court,* 442 U.S. at 159–60, 99 S.Ct. 2213.

As the nature of a particular evidentiary device is critical to assessing its constitutionality, we must decide into which category § 3731(a.1) falls—permissive inference, as the Commonwealth asserts, or mandatory presumption. As a preliminary matter, we observe that in the cases we have studied, the constitutional validity of an inference or of a presumption has been questioned on appeal after trial. That procedural posture has enabled the courts on review to determine the character of the evidentiary tool at issue by considering the wording of the instructions given to the jury regarding its use. *See Ulster County Court,* 442 U.S. at 157–58 n. 16, 99 S.Ct. 2213; *Commonwealth v. Kelly,* 724 A.2d at 911. This appeal, however, arose prior to trial, the result of the trial court's ruling on appellee's motion in limine that § 3731(a.1) as written is unconstitutional. In this context, it is through the wording of § 3731(a.1) and its operation as revealed in the Pennsylvania Vehicle Code that we decide whether § 3731(a.1) is permissive or mandatory. Hence, our determination of § 3731(a.1)'s character is essentially a matter of statutory construction. We emphasize that our facial analysis of § 3731(a.1) at this point is for the purpose of answering the threshold question of its nature, not for deciding the ultimate question before us, whether the trial court correctly pronounced the provision unconstitutional.

As with any statutory construction question, the rules set forth in the Statutory Construction Act govern. 1 Pa.C.S. §§ 1501–1991. Our task in interpreting § 3731(a.1) is to

ascertain and effectuate the legislature's intent in enacting the provision. 1 Pa.C.S. § 1921(a); *Frontini v. Commonwealth Dep't. of Transp.*, 527 Pa. 448, 593 A.2d 410, 411–12 (1991). In this regard, § 3731(a.1)'s language and the statutory scheme in which it is found control. 1 Pa.C.S.A. § 1921(a)–(b); *Commonwealth v. Pope*, 455 Pa. 384, 317 A.2d 887, 889 (1974).

The language of § 3731(a.1) is straightforward. In § 3731(a.1), the legislature simply provided that proof of one fact—a BAC of .10% or more within three hours of driving—is *"prima facie* evidence" of another fact—a BAC of .10% or more at the time of driving. A *"prima facie"* case in the criminal realm is that measure of evidence which, if accepted as true, would warrant the conclusion that the crime charged was committed. *Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8,10 (1978).

In the DUI statutory scheme, § 3731(a.1) does not work alone, but rather, works in conjunction with section 1547 of the Vehicle Code. 75 Pa.C.S. § 1547. Section 1547 governs the blood alcohol chemical testing that the Commonwealth conducts when proceeding under the DUI statute. Section 1547 provides, *inter alia,* that a chemical test performed in the prescribed manner and which shows a BAC of .10% or more may be introduced into evidence in a § 3731 prosecution. 75 Pa.C.S. § 1547(a)–(d). Section 1547 goes on to provide that nothing in several of its subsections is to be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of alcohol while driving. 75 Pa.C.S. § 1547(f).[9] Under § 1547(g), the results of any chemical test shall be made available upon request to the person tested or to his attorney; under § 1547(h), the results of any additional testing the defendant had administered by a physician of his or her choosing is admissible into evidence. 75 Pa.C.S. § 1547(g)–(h).

---

**9.** We note that in *Commonwealth v. Loeper,* 663 A.2d at 669, we held that the Commonwealth may not introduce evidence of the defendant's impairment in its *prima facie* case in a § 3731(a)(4) prosecution.

Our understanding of § 3731(a.1) is further aided by our decision in *Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974). Even though *DiFrancesco* dealt with now repealed 75 P.S. § 624.1, the predecessor of 75 Pa.C.S. § 1547, the case is presently instructive because in it we undertook the very inquiry that is immediately before us—whether in enacting a statutory evidentiary tool, the legislature created a permissive inference or a mandatory presumption. In *DiFrancesco*, four defendants were found guilty by a jury of operating a vehicle while under the influence of intoxicating liquor. Section 624.1(c)(3), which the trial court recited in its charge, provided that if a person's BAC was .10% or more, "it shall be presumed that the defendant was under the influence of intoxicating liquor." 75 P.S. § 624.1(c)(3). The defendants took exception to the court's instructions on the basis that § 624.1(c)(3) infringed upon their due process rights. *Id.* at 207.

We studied the statute and noted that nothing in § 624.1(c)(3) relieved the Commonwealth of its burden of laying a proper foundation for the introduction of test results, nor did it compel a verdict of guilty on the basis of the test results alone. *Id.* We observed that § 624.1(d) permitted the defendant to introduce other competent evidence bearing on the question of whether or not he or she was under the influence of intoxicating liquor, but that it did not require the defendant to do so. *Id.* at 207. We further observed that if on the basis of all the evidence the jury entertained a reasonable doubt as to whether the defendant was under the influence of alcohol, it was duty bound to acquit. *Id.* at 207–08. Thus, in our view, all that the statute did was specify a quantum of evidence that was legally sufficient to sustain proof of an element of the crime at hand. *Id.* at 208. Accordingly, we recognized that although § 624.1(c)(3) referred to a "presumption", it was strictly speaking only a "permissible inference." *Id.* at 208 n. 3. We explained that an "inference" is "merely a logical tool which permits the trier of fact to move from one fact to another", *id.,* and distinguished it from a "presumption" which not only leads to a presumed fact, but

which also shifts to the opposing party the burden of producing evidence to disprove it. *Id.* Recognizing that the failure to meet this burden will normally result in binding instructions on the issue of the presumed fact's existence in favor of the party invoking the presumption, we stated that the notion of a directed verdict against a criminal defendant is contrary to accepted tenets of criminal justice and would run afoul of the presumption of innocence. *Id.* From this perspective, we concluded that virtually all so-called "criminal presumptions" are really no more than "permissible inferences", and that § 624.1(c)(3) was no exception. *Id.*

[18, 19] In light of the language of § 3731(a.1), the DUI statutory scheme and *DiFrancesco's* teaching, we conclude that § 3731(a.1) creates a permissible inference. By its terms, § 3731(a.1) does no more than allow the Commonwealth to establish its case in a § 3731(a)(4) prosecution. Section 3731(a.1) does not shift the burden of proof or the burden of production from the Commonwealth to the defendant. The defendant may introduce competent evidence to rebut the inference and overcome the Commonwealth's *prima facie* case. Even in the absence of such evidence, however, the factfinder is not required to find that the defendant had a BAC of .10% or more while he drove. Based upon its independent evaluation of the evidence presented, the factfinder in a § 3731(a)(4) prosecution is always free to ignore the inference allowed by § 3731(a.1).

Having determined that § 3731(a.1) is permissive in nature, we turn to the merits of the trial court's decision in *Wasielwski* declaring the statute unconstitutional. In our view, the court's approach was flawed from the start insofar as it failed to consider as a threshold matter whether § 3731(a.1) is permissive or mandatory. Although the court initially referred to § 3731(a.1) as a "rebuttable presumption", it did not clarify what it meant by that term nor did it assess § 3731(a.1)'s intended legal operation and effect. The court embarked immediately upon its constitutional inquiry, conducting a facial analysis of the statute. The court evaluated the inference in § 3731(a.1) as applied to hypothetical defen-

dants in hypothetical situations. Its conclusion that the relationship between the basic and elemental facts is unconstitutionally tenuous was entirely academic. In essence, without first determining whether § 3731(a.1) is a mandatory presumption, the court analyzed it as if it were. Thus, the court's error was twofold: first, it treated a permissive inference as a mandatory presumption; and second, it determined the constitutionality of this permissive inference in a vacuum, before it was applied to appellee and apart from an evidentiary record. The United States Supreme Court cases upon which the trial court relied, *Tot v. United States*, 319 U.S. at 463, 63 S.Ct. 1241, and *Leary v. United States*, 395 U.S. at 6, 89 S.Ct. 1532, rested on an evaluation of evidentiary devices as applied in a factual record. Neither of those cases, or others on point, indicate that a court may determine, as did the court in *Wasielwski*, the constitutionality of a statutory permissive inference like § 3731(a.1) "on its face". *Ulster County Court,* 422 U.S. at 162–63, 99 S.Ct. 2213.

Accordingly, the trial court's order granting appellee's motion in limine, and requiring the Commonwealth to present relating back testimony, and declaring § 3731(a.1) unconstitutional is reversed, and the case is remanded for further proceedings consistent with this opinion.