Edward WILLIAMS, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 19, 2000.
Decided July 12, 2000.

David M. Still, Philadelphia, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before DOYLE, President Judge, and FRIEDMAN, J., and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Edward Williams appeals from the June 25, 1999 order of the Court of Common Pleas of Philadelphia County (trial court), which denied Williams' appeal from the one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) for a violation of section 1547(b) of the Vehicle Code.[1] We affirm.

On October 31, 1997, Williams was arrested for driving under the influence of alcohol (DUI) after he was involved in an auto accident at the intersection of Johnson Street and Wayne Avenue in Philadelphia. Williams was transported to the Police Administration Building at Eighth and Race Streets, where he refused to take a breathalyzer test. As a result of this refusal, DOT suspended his operating privileges for one year. (Trial court op. at 1.) Williams appealed to the trial court which, following a hearing on the matter, denied the appeal.

On appeal to this court,[2] Williams argues that the trial court erred in denying his appeal because Williams' refusal took place more than three hours after the accident. We disagree.

Williams bases his argument on section 3731(a.1)(2) of the Vehicle Code, which states that: "[f]or the purposes of this section [3731], the chemical test of the sample of the person's breath ... shall be from a sample obtained within three hours after the person drove, operated or was in actual physical control of the vehicle." 75 Pa.C.S. § 3731(a.1)(2) (emphasis added). However, DOT suspended Williams' operating privileges pursuant to section 1547(b) of the Vehicle Code, not section 3731.[3] Because section 3731(a.1)(2) of the Vehicle Code pertains only to a prosecution for DUI under section 3731, it does not apply here.

Moreover, at the hearing before the trial court, Officer Jerome Moore, the arresting officer, testified that when he arrived at the accident scene at 9:45 p.m., the other driver involved in the accident told him that the accident occurred forty-five minutes to an hour earlier.[4] Officer Kevin Sienkiewicz, the officer who attempted to administer the breathalyzer test, testified that Williams refused to submit to the test sometime between 10:40 p.m. and 11:00 p.m. Based on the credible testimony of the two officers, the trial court found that Williams' refusal to submit to the breathalyzer occurred "well within the three hour time limit." (Trial court op. at 5.) Williams does not specifically challenge this finding in his brief;

1. 75 Pa.C.S. § 1547(b). Section 1547(b) of the Vehicle Code states that, if a person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol) is requested to submit to chemical testing and refuses to do so, DOT shall suspend the operating privilege of the person for a period of 12 months.

2. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion in reaching its decision. *Carlin v. Department of Transportation, Bureau of Driver Licensing*, 739 A.2d 656 (Pa.Cmwlth.1999).

3. DOT's burden under section 1547(b) was to show that Williams: (1) was arrested for DUI based on reasonable grounds to believe that he was driving while intoxicated; (2) was asked to submit to a chemical test; (3) refused to comply; and (4) was warned that his license would be revoked if he refused to take the test. *See Department of Transportation, Bureau of Driver Licensing v. Harbaugh*, 141 Pa.Cmwlth. 288, 595 A.2d 715 (1991).

4. Williams testified that the accident occurred at "about 7:30 p.m. or maybe later." (N.T. at 29; R.R. at 15a.)

absent such a challenge, Williams' section 3731(a.1)(2) argument lacks a basis in fact.

Accordingly, we affirm.[5]

## ORDER

AND NOW, this 12th day of July, 2000, the order of the Court of Common Pleas of Philadelphia County, dated June 25, 1999, is hereby affirmed.

---

**5.** We note that our supreme court recently ruled that section 3731(a.1) of the Vehicle Code is constitutional. *Commonwealth of Pennsylvania v. MacPherson*, 561 Pa. 571, 752 A.2d 384 (2000). In doing so, the court interpreted section 3731(a.1) to mean that a chemical test within three hours creates a permissible inference, and not a mandatory presumption, that the person's blood alcohol content was the level shown by the test at the time the person was driving, operating or in actual physical control of the vehicle. *Id.*