J-S13021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE NELSON LEONARD | |
| Appellant | No. 894 WDA 2014 |

Appeal from the Judgment of Sentence December 19, 2013
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001848-2012

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 02, 2015**

Appellant, Tyrone Nelson Leonard, appeals from the December 19, 2013 judgment of sentence, wherein the trial court imposed an aggregate sentence of 12 to 36 months' incarceration, following his conviction at a bench trial for unlawful employment by, or association with, a corrupt organization, and delivery of a controlled substance (heroin).[1]  After careful review, we affirm based on the thorough and well-supported opinion of Senior Judge Paul H. Millin.

A review of the certified record discloses the following history of this case.  As part of an ongoing investigation into suspected heroin trafficking, conducted between January 2011 and March 2012, the Pennsylvania State

_____

[1] 18 Pa.C.S.A. § 911(b)(3) and 35 P.S. § 780-113(a)(30), respectively.

Police and the Greensburg City Police Department identified Appellant as a participant, together with numerous other individuals, in an organization involved in a series of heroin transactions. As a result, the police charged Appellant on April 23, 2012, with 20 counts related to that criminal activity.[2] Appellant proceeded to a trial without a jury on October 16-17, 2013.

At the conclusion of the trial, Appellant was convicted of one count of being employed by, or associated with, a corrupt organization, a felony of the first degree, and one count of delivery of a controlled substance, an ungraded felony. On December 19, 2013, the trial court sentenced Appellant to 12 to 36 months' incarceration on the first count and to a concurrent sentence of six to 36 months' incarceration on the delivery of a controlled substance count. Appellant filed timely post-sentence motions on December 30, 2013, seeking acquittal or a new trial based on challenges to the sufficiency and the weight of the evidence, respectively.[3] The trial court

_____

[2] Specifically, Appellant was charged with being employed by or associated with a corrupt organization, 18 Pa.C.S.A. § 911(b)(3); conspiracy to participate in corrupt organization, 18 Pa.C.S.A. § 911(b)(4); criminal conspiracy, 18 Pa.C.S.A. § 903(a)(1); 12 counts of delivery of a controlled substance (heroin), 35 P.S. § 780-113(a)(30); four counts of possession with intent to deliver a controlled substance (heroin), 35 P.S. § 780-113(a)(30); and hindering apprehension or prosecution, 18 Pa.C.S.A. § 5105(a)(2).

[3] December 29, 2013, the final day for Appellant to file timely post-sentence motions, fell on a Sunday. The post-sentence motions, being filed on Monday, December 30, 2013, are therefore timely. *See* 1 Pa.C.S.A. § 1908.

denied the motions on April 23, 2014. Appellant filed a timely notice of appeal on May 22, 2014.[4]

On appeal, Appellant raises the following issues for our review.

> I. Whether the trial court erred by denying [] Appellant's post-sentence motion for a judgment of acquittal, for the reason that there was insufficient evidence to support the guilty verdicts for the offenses of corrupt organizations-employee and delivery of a controlled substance at counts 1 and 4 of the Commonwealth's amended information?

> II. Whether the trial court erred by denying [] Appellant's post-sentence motion for a new trial, for the reason that the guilty verdicts for the offenses of corrupt organizations-employee and delivery of a contolled [sic] substance at counts 1 and 4 of the Commonwealth's amended information were contrary to the weight of the evidence?

Appellant's Brief at 7.

Appellant first challenges the sufficiency of the Commonwealth's evidence to prove he participated in either of the crimes for which he was convicted. *Id.* at 10. "Appellant argues that the evidence presented at trial was insufficient to establish that he was employed by or associated with an enterprise, or that he conducted or participated in an enterprise's affairs through a pattern of racketeering activity." *Id.*

> Appellant [also] argues that the evidence presented at trial was insufficient to establish that he manufactured, delivered or possessed a controlled substance with the intent to manufacture or deliver

_____

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

the same. The Delivery of a Controlled Substance offense for which the Appellant was convicted … did not involve a controlled drug transaction which was conducted in the presence of trained law enforcement officers, and at trial, the Commonwealth did not present any reliable physical evidence, or testimony regarding any surveillance activities which were conducted by law enforcement officers, in support of its contention that the Appellant delivered the controlled substance in question.

*Id.* at 12.

"A claim impugning the sufficiency of the evidence presents us with a question of law." ***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Our standard and scope of review are well settled.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fabian***, 60 A.3d 146, 150-151 (Pa. Super. 2013) (citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013). "This standard of deference is not altered in cases involving a bench trial, because the province of a trial judge sitting without a jury is to do what a jury is required to do." ***Commonwealth v. Lee***, 956 A.2d 1024, 1027 (Pa. Super. 2008) (internal quotation marks and citation omitted), *appeal denied*, 964 A.2d 894 (Pa. 2009).

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the [finder of fact] of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014).

In his second issue, Appellant makes a similar claim that the verdicts were contrary to the weight of the evidence relative to each offense charged. Appellant's Brief at 13. "A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court." ***Commonwealth v. Diggs***, 949 A.2d 873, 879 (Pa. 2008), *cert. denied*, ***Diggs v. Pennsylvania***, 556 U.S. 1106 (2009).

Moreover, where the trial Court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. **Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim**.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (quotations and citations omitted; emphasis added), *appeal denied*, 3 A.3d 670 (Pa. 2010).

In reviewing the entire record to determine the propriety of a new trial, an appellate court must first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail. It is not the place of an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function.

To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must "examine the record and assess the weight of the evidence; *not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury.*" Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

*Commonwealth v. Clay*, 64 A.3d 1049, 1056-1057 (Pa. 2013), *quoting*

*Commonwealth v. Brown*, 648 A.2d 1177, 1190 (Pa. 1994) (emphasis added in *Clay*). "Furthermore, since issues of credibility are left to the trier

- 6 -

of fact, the trial court, sitting as fact finder, was free to accept all, part, or none of a witness's testimony." ***Commonwealth v. Pirela***, 580 A.2d 848, 852 (Pa. Super. 1990) (citation omitted), *appeal denied*, 594 A.2d 658 (Pa. 1991). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Commonwealth v. Brown***, 23 A.3d 544, 557-558 (Pa. Super. 2011) (*en banc*) (citations and internal quotation marks omitted).[5]

After careful review, we conclude that the trial court's October 3, 2014 Rule 1925(a) opinion fully sets forth Appellant's claims, identifies the proper standard of review, discusses the relevant law, including the elements of each offense, discusses the evidence adduced at trial, and explains the basis for its conclusion that said evidence was sufficient and of adequate weight to

_____

[5] We note that Appellant's issues on appeal could be found waived for failure to sufficiently argue his positions in his appellate brief. Relative to each issue, Appellant cites to no authority in support of his bald assertions that the evidence was insufficient or lacking in weight beyond cases articulating the relevant standards of review, and provides no cogent analysis of the evidentiary record to develop his claims. ***See*** Appellant's Brief at 10-14. Our Supreme Court held such briefing deficiencies may result in waiver of an issue on appeal. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"), *cert. denied*, ***Johnson v. Pennsylvania***, 562 U.S. 906 (2010). As noted above, however, the trial court has adequately addressed the merits of Appellant's issues on appeal, and we adopt the trial court's reasons as our own for purposes of our disposition.

support its verdict. Instantly, we have carefully reviewed the entire record and Appellant's arguments, and we conclude that the thorough and well-reasoned opinion of Judge Paul H. Millin is in agreement with our own views. Specifically, we agree that the absence of police observation of a controlled buy involving Appellant did not render the direct evidence of informant/purchasers insufficient. Those witnesses testified that they purchased heroin from Appellant and others with whom he was associated. Further, it was for the trial court to assess the credibility of those witnesses. *See Pirela*, *supra*.

Based on the foregoing, we conclude the trial court did not err in denying Appellant's motion for acquittal based on an allegation the evidence was insufficient, and we conclude the trial court did not abuse its discretion when it denied Appellant's post-trial motion for a new trial on the basis the verdict was against the weight of the evidence. Accordingly, we adopt the opinion by the Honorable Paul H. Millin as our own for purposes of our appellate review. *See* Trial Court Opinion, 10/3/14.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | CRIMINAL DIVISION |
| | ) | |
| vs. | ) | No. 1848 C 2012 |
| | ) | |
| TYRONE NELSON LEONARD, | ) | |
| Defendant | ) | |

OPINION

This opinion is entered to comply with Pa.R.A.P. 1925(a).

After a two-day bench trial before the undersigned judge on October 16 and 17, 2013 the defendant was found guilty of the offenses of  Count 1:  Corrupt Organizations-Employee in violation of 18 PA. C. S. A. Section 911 (b) (3), graded as a felony of the first degree, and Count 4: Delivery of a Controlled Substance in violation of 35 P. S. Section 780 – 113 (a)  (30), an ungraded felony.

On December 19, 2013 the Defendant was sentenced by the undersigned judge at Count 1 to serve a term of 12 months to 36 months of incarceration in a state correctional institution. At Count 4 the defendant was sentenced to serve a term of six months to 36 months of incarceration in a state correctional institution to run concurrently with the sentence imposed in Count 1.

On December 30, 2013 the Defendant filed post sentence motions, which alleged that the guilty verdicts were contrary to both, the sufficiency and weight of the evidence. Said motions were denied by an order of court dated April 23, 2014.

Thereafter, on May 22, 2014, the Defendant filed a notice of appeal to the Superior Court of Pennsylvania.

On June 19, 2014 the Defendant filed a concise statement of errors complained of on appeal which set forth that:

"The Defendant argues that the trial court erred by denying his post sentence motion for a judgment of acquittal based upon a verdict contrary to the sufficiency of the evidence for the reason that there was insufficient evidence to support the non-jury guilty verdict for the offense of corrupt organization-employee and delivery of a controlled substance at counts one and four of the amended information.

The Defendant further argues that the trial court erred by denying his post sentence motion for a new trial based upon a verdict contrary to the weight of the evidence, for the reason that the guilty verdict for the offenses of corrupt organizations-employee and delivery of a controlled substance at counts one and four of the amended information were contrary to the weight of the evidence. "

Sufficiency:

In reviewing sufficiency of the evidence claims, the court must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, are sufficient to support each of the elements of the offense, when it is viewed in the light most favorable to the verdict winner. *Commonwealth v. Moreno*, 14 A. 3d 133, 136 (Pa. Super. 2011). Entirely circumstantial evidence is sufficient to sustain a conviction, so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. *Commonwealth V. Karkaria*, 625 A. 2d 1167 (Pa. 1993). The

factfinder is free to believe all, part or none of the evidence presented at trial. *Moreno*, 14 A. 3d at 136. Inferences and presumptions "are staples of our system of fact-finding." *Commonwealth v. MacPearson*, 752 A. 2d 384, 389 (P a. 2000). The factfinder may infer an elemental fact from proof of a different basic fact. *Id.* An inference is permissive, as the factfinder is free to accept or reject the inference. *Id.* Often *mens rea* cannot be proven directly, but must be inferred from examination of the totality of circumstances from the case. *Commonwealth v. Pond*, 846 A. 2d 699, 703 (Pa. Super. 2004).

Count 4 of the information alleges, "on one or more dates on or about and between January 2011 and April 19, 2012," [the Defendant] "delivered heroin, a schedule I controlled substance, to one or more heroin users and or other dealers in and around Westmoreland County. . . ".

Count 1 of the information alleges that the Defendant, "while employed by or associated with an enterprise, namely, and illicit drug trafficking network, conducted and or participated, directly or indirectly, in the conduct of said enterprise's affairs through a pattern of racketeering activity, namely, the actor did commit, cause, cause to be committed, promote or facilitate the commission, or aid or agree to aid another in the planning or commission of two or more violations of one or more of the following criminal offenses: Delivery and/or Possession with Intent to Deliver a Controlled Substance, and/or Conspiracy to Deliver and/or Possess with Intent to Deliver a Controlled Substance. . . "

Here , of course, it is alleged that the actions constituting the offenses enumerated at Count 4 are the basis for the charge at Count 1. Pennsylvania Suggested Standard Criminal Jury Instructions spell out the specific facts which must be proved

beyond a reasonable doubt to convict the Defendant of the crimes charged. PA-JICRIM 12.9 11A, *Pa.SSJI (Crim)*, Section 12.911A (2012) states "the Commonwealth must prove that the Defendant committed two or more crimes that are called acts of racketeering." The specific crimes charged in this case are delivering a controlled **substance , specifically, heroin in violation of The Drug Device and Cosmetic Act. An enterprise under the act encompasses groups engaged in the commerce of illicit drug trafficking.** *Commonwealth v. Dellisanti,* **876 A. 2d 366 (PA. 2005)** . The jury instructions go on to state that if the determination is made that the Defendant committed two or more of these acts then the factfinder must determine that the defendant committed them as part of a "pattern of racketeering activity." It goes on to set out that in order to find two or more such acts forming a pattern it must be found beyond a reasonable doubt that they represented a course of conduct, and were not simply random criminal events. To be a course of conduct, "the acts must somehow relate to each other, with one crime either helping to make the other possible or helping to cover it up." *Pa.SSJI (Crim)*, Section 12.911A (2012).

The corrupt organizations act provides: "it shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 Pa. C.S.A. Section 911( b) (3). The act specifically defines "enterprise" to include "any individual, partnership, corporation, association or other legal entity, *and any union or group of individuals associated in fact although not a legal entity, engaged in commerce and includes legitimate as* well as illegitimate entities and governmental entities." 18 Pa. C.S.A. Section 911 (b) (3). (emphasis added).

A pattern of racketeering activity is defined as a "a course of conduct requiring two or more acts of racketeering which include *inter alia* conspiracy to commit or the commission of a violation of the Controlled Substance, Drug Device and Cosmetic Act. An enterprise encompasses groups engaged in the commerce of illicit drug trafficking. *Dellisante*, 876 A.2d at 370.

In this case the Commonwealth established that the Defendant was associated with individuals who were actively engaged in the sale of heroin. The Defendant's association with some of these individuals was admitted by him at trial (Trial Transcript (T.T.), 361 – 372). The testimony of Jillian Davis indicated that the defendant together with an individual she knew as "Sky" sold her heroin (T.T., 13 – 22, 27 – 28). Davis not only bought drugs from the Defendant and "Sky"but at their request agreed to allow them to come to her house from which they proceeded to sell drugs. (T.T., 25, 29). The Defendant introduced Davis to a number of other individuals from which she purchased heroin. Davis very credibly stated that she purchased heroin twice from the Defendant in November 2011 and that she used the heroin both times to "get high". (T.T., 13 – 16.)

Sarah Householder testified that she purchased heroin from a number of individuals using the same telephone number. One of the individuals was the Defendant. She testified to the specific phone number that being "724 – 217 – 6662". Householder stated that she purchased heroin from the Defendant "less than 10 times" between December 10, 2011 and January 4, 2012. (T.T., 324 – 332). As Jillian Davis had testified that she met James Moore, Dominic Haynes and others through the Defendant, Sarah Householder also met James Moore, Dominic Haynes and others during her association with the Defendant. Householder became more involved with the

organization than Davis. Householder actually accompanied "Sky" to New Jersey to purchase a large quantity of heroin to be delivered to James Moore on two occasions. (T.T.,334 – 335). Kelsey Graham who was a 15 – 20 bag a day heroin addict stated that she knew the Defendant through James Moore. (T.T., 283 – 285, 289). Graham had purchased heroin on a regular basis from James Moore and his runners, "Sky", Kristin Weightman and Dominic Haynes, but had also purchased heroin from Defendant three times. (T.T., 284 – 286). Graham testified that she knew that the substance she purchased from the individuals was heroin because it gave her the same high she always got from heroin although sometimes "I got stuff that wasn't that good, but I knew it was still heroin." (T.T., 289 – 290).

The Commonwealth clearly proved the existence of an illicit drug organization; that various named individuals were part of that organization; that the Defendant associated with the individuals and participated with the individuals in selling heroin on numerous occasions. Although the Defendant was not caught by law enforcement in a "controlled buy "situation, there was overwhelming circumstantial evidence to convict the Defendant. The Commonwealth may meet its burden of proving every element of the crimes charged beyond a reasonable doubt through wholly circumstantial evidence. *Commonwealth v. Robertson*, 874 A.2d 1200 (Pa. Super. 2005). Thus a new trial based on lack of sufficient evidence is not merited.

AGAINST THE WEIGHT OF THE EVIDENCE:

An appellate court, reviewing a claim that a conviction is against the weight of the evidence, may only reverse the lower court's verdict if it is so contrary to the evidence as to shock

one's sense of justice. *Commonwealth v. Champney*, 832 A2d 403, 409 (Pa. 2003). The weight of the evidence is exclusively for the fact finder, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the fact finder. Appellate review is limited to a determination of whether the trial court palpably abused its discretion in ruling on the weight of the evidence. An appellate court is not to consider the underlying question of whether the verdict is against the weight of the evidence. Id.

The same testimony applies to a consideration of the weight of the evidence determination that applied to consider the sufficiency question and for all the reasons hereinabove stated the verdict was not against the weight of the evidence.

Respectfully submitted,

PAUL H. MILLIN, S.J.S.P.