**[J-39-2017][M.O. – Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | No. 102 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court at No. 1021 CD |
| | : | 2014 dated 4/19/16 affirming the order |
| $34,440.00 U.S. CURRENCY | : | of the Monroe County Court of Common |
| | : | Pleas, Civil Division, at No. 11208 Civil |
| | : | 2009 dated 5/15/14, exited 5/16/14 |
| | : | |
| | : | |
| APPEAL OF: RAFAEL FALETTE | : | ARGUED: May 9, 2017 |

**DISSENTING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED: December 19, 2017**

I agree with the majority that, pursuant to the rebuttable presumption provision of the former Controlled Substances Forfeiture Act ("Forfeiture Act"), *see* 42 Pa.C.S. §6801(a)(6)(ii) (repealed), the Commonwealth may establish a substantial nexus supporting forfeiture solely by demonstrating that currency was discovered in close proximity to illegally possessed substances. *See* Majority Opinion, *slip op.* at 15-16, 21 (citing *Commonwealth v. Shaffer*, 447 Pa. 91, 106, 288 A.2d 727, 735 (1972) ("A rebuttable presumption forces the defendant to come forth or suffer inevitable defeat on the issue in controversy.")). I also align with the majority's observation that, per the statute's plain language, the presumption only pertains to the notion that such money was the proceeds of a controlled substance sale. *See id.* at 21 (discussing Section 6801(a)(6)(i)(a), (ii) (repealed)).

However, I disagree that the Forfeiture Act provides for an independent basis to challenge the conclusion of the rebuttable presumption apart from the mandates of Section 6802(j), sometimes referred to as the innocent owner defense.[1]  *See* 42 Pa.C.S. §6802(j) (repealed).  As this Court has repeatedly expressed, once the Commonwealth demonstrates the requisite substantial nexus, the "Forfeiture Act directs that the burden shifts to the claimant to . . . establish that: (1) he owned the money; (2) he lawfully acquired it; and (3) it was not unlawfully used or possessed by him." *Commonwealth v. $6,425.00 Seized From Esquilin*, 583 Pa. 544, 556, 880 A.2d 523, 530 (2005); *see also Commonwealth v. Marshall*, 548 Pa. 495, 499, 698 A.2d 576, 578 (1997).[2]  This understanding comports with the plain language of Section 6802(j), which

---

[1] The term "innocent owner," as used to refer to the entirety of Section 6802(j), may be viewed as an inaccurate designation, since that phrase has been narrowly employed to refer to the statutory defense in which a claimant concedes the illegal use of the property, but disclaims any knowledge or consent.  *See, e.g.*, *United States v. 16328 S. 43rd E. Ave., Bixby, Tulsa Cty., Okla.*, 275 F.3d 1281, 1284 (10th Cir. 2002) (describing the federal forfeiture act's knowledge or consent provision as an "affirmative defense, which has come to be known as the 'innocent owner defense'" (citing former 21 U.S.C. §881(a)(7))); *Jacobson v. $55,900 in U.S. Currency*, 728 N.W.2d 510, 520 (Minn. 2007) (same as to Minnesota's forfeiture statute).  However, Section 6802(j), by its plain terms, also encompasses circumstances in which a claimant may prove that the subject property was not unlawfully used or possessed in the first instance, *see In re King Props.*, 535 Pa. 321, 325-26, 635 A.2d 128, 130 (1993) (explaining that Section 6802(j) allows a property owner to assert "that the property was not unlawfully used or possessed *or* that the owner was either ignorant of such unlawful use or possession or never consented to it" (emphasis added)) *overruled on other grounds by Commonwealth v. Real Prop. & Improvements Commonly Known As 5444 Spruce St., Phila.*, 574 Pa. 423, 832 A.2d 396 (2003), as is suggested by the distinguishing prefatory language of "[i]n the event that" to the knowledge/consent provision of the Forfeiture Act.  42 Pa.C.S. §6802(j)(3) (repealed).

[2] At least one other state has interpreted its forfeiture law in a similar manner, requiring that, once the state produces evidence sufficient to trigger the rebuttable presumption, the claimant bears the burden to show that he owns the property and the property is not connected to drug trafficking.  *See Garcia-Mendoza v. 2003 Chevy Tahoe, VIN No.* (continued…)

mandates that "the burden *shall* be upon the claimant" to demonstrate the listed elements upon a showing of forfeiture pursuant to Section 6801(a), inclusive of the rebuttable presumption provision. 42 Pa.C.S. §6802(j) (emphasis added) (repealed).

The majority appears to view this interpretation as problematic relative only to the rebuttable presumption predicated on its belief that "nothing in Subsection 6802(j) speaks in terms of rebutting the specific fact of seized currency being derived from drug sales." Majority Opinion, *slip op.* at 21. To the contrary, Section 6802(j)(2) requires that a claimant show that he "lawfully acquired the property." 42 Pa.C.S. §6802(j)(2) (repealed). Stated another way, if a claimant demonstrates that he lawfully acquired the subject currency, he has necessarily rebutted the presumption that the money was derived from drug sales. That this burden-shifting section does not provide individualized provisions correlating to each of the subparts defining forfeitable property in Section 6801(a) only reflects the Legislature's intention to employ a single, broad standard to all such property forfeitures, as indicated by the specific reference to the entirety of Section 6801(a). *See id.* §6802(j) (repealed). Accordingly, I differ with the view that the Forfeiture Act "does not expressly set forth how this presumption can be rebutted," since I find the Legislature's intent in this regard to be clear. Majority Opinion, *slip op.* at 21.

In terms of evidentiary proofs, although I agree with the majority that a claimant may employ the evidence introduced by the Commonwealth in an effort to rebut the presumption, *see* Majority Opinion, *slip op.* at 21 n.15, he must do so with reference to the elements of Section 6802(j). Notably, the rebuttable presumption in Section 6801(a)(6)(ii) is couched in mandatory terms, *see Oberneder v. Link Computer Corp.*,

_____

(…continued)
*1GNEC13V23R143453, Plate No. 235JBM*, 852 N.W.2d 659, 665 (Minn. 2014) (citation omitted).

548 Pa. 201, 205, 696 A.2d 148, 150 (1997) ("By definition, 'shall' is mandatory." (citation omitted)), meaning that the factfinder is required to draw the presumed conclusion upon establishment of the predicate fact and "may not reject it based on an independent evaluation of the evidence presented by the State." *Commonwealth v. MacPherson*, 561 Pa. 571, 582, 584, 752 A.2d 384, 390, 391 (2000). In this respect, a claimant cannot rebut the presumption simply by asserting that there is no corroborative evidence supporting the belief that the currency in question derived from drug sales, since permitting such an approach would facially contravene the directive of the statutory presumption. *See State v. 1978 Chevrolet Auto., VIN No. 1L69U8J314191*, 835 P.2d 1376, 1379 (Kan. 1992) (rejecting claimant's assertion that a lack of evidence that the money was employed in drug transactions rebutted the statutory proximity presumption, observing that the presumption operated specifically to relieve the state of otherwise proving that the currency was used for illicit substance sales).

Instead, I am of the view that a claimant must establish that he owned and lawfully acquired the currency, whether by proffer of his own evidence or developed based on the Commonwealth's presentation, thus refuting the presumed conclusion that the money was derived from illicit substance sales.[3] Such an understanding not only comports with the plain language of the Forfeiture Act, *see* 42 Pa.C.S. §6802(j) (repealed), but also with the manner in which rebuttable presumptions generally operate, *see MacPherson*, 561 Pa. at 587, 752 A.2d at 392 ("[T]he failure to meet [the burden of disproving the rebuttable presumption] will normally result in binding

---

[3] As for the lawful use or possession element of Section 6802(j), *see* 42 Pa.C.S. §6802(j)(3) (repealed), in instances where the only asserted basis for forfeiture is that the currency derived from illegal substance sales, proof of lawful acquisition will also establish lawful use and possession.

instructions on the issue of the presumed fact's existence in favor of the party invoking the presumption." (alteration added)).[4]

Accordingly, I respectfully dissent, as I would affirm the Commonwealth Court's decision.


Justice Mundy joins this dissenting opinion.

---

[4] Since the majority forwards a plain reading of the Forfeiture Act, its reliance on policy considerations and the consequences of alternative interpretations is not presently pertinent. *See* 1 Pa.C.S. §1921(c)(4), (6) ("When the words of the statute are *not explicit*, the intention of the General Assembly may be ascertained by considering . . . [t]he object to be obtained [and t]he consequences of a particular interpretation . . .." (emphasis added)). To the degree these are appropriate factors for the current review, pursuant to my understanding and application of the statutory scheme, courts are not compelled to ignore the circumstances that a claimant advances in support of demonstrating the elements of Section 6802(j), and the decision in *Commonwealth v. Tate*, 371 Pa. Super. 611, 538 A.2d 903 (1988), would remain substantively unaltered. *Contra* Majority Opinion, *slip op.* at 22-23.