J-S05040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLAYTON JAMES SROCK, | |
| Appellant | No. 286 MDA 2015 |

Appeal from the PCRA Order December 23, 2014
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002214-2011

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 03, 2016**

Appellant, Clayton James Srock, appeals from the order of December 23, 2014, dismissing, following a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  For the reasons discussed below, we affirm.

We take the underlying facts in this matter from our independent review of the certified record.  On June 26, 2012, following a trial, a jury found Appellant guilty of failure to comply with registration of sexual offender requirements.[1]  On August 10, 2012, the trial court sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4915(a)(1).

Appellant to not less than three nor more than six years of incarceration. Appellant did not file a direct appeal.

On May 12, 2014, Appellant, through counsel, filed the instant PCRA petition challenging the legality of his sentence. A hearing on Appellant's PCRA petition took place on December 23, 2014. Immediately following the hearing, the PCRA court denied the petition on the merits. On January 21, 2015, Appellant filed the instant, timely appeal. On January 29, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On February 13, 2015, Appellant filed a timely Rule 1925(b) statement. On May 7, 2015, the PCRA court issued an opinion. *See* Pa.R.A.P. 1925(a).

Appellant raises one question on appeal:

Whether the [PCRA] court erred in denying [Appellant's] [p]etition for [p]ost-[c]onviction [r]elief where [Appellant] is currently serving an illegal sentence and is incarcerated in violation of the due process clauses of both the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania?

(Appellant's Brief, at 2).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his first PCRA petition on May 12, 2014. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on September 10, 2012, thirty days[2] after the trial court imposed sentence and Appellant did not file a direct appeal with this Court. Therefore, Appellant had one year, until September 10, 2013, to file a timely PCRA petition. Because Appellant did not file his current petition until May 12, 2014, the petition is facially untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[2] The thirtieth day, September 9, 2012, was a Sunday.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008). Here, Appellant contends that he falls under the third exception of Section 9545(b)(1). (*See* Appellant's Brief, at 7); *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii) (providing relief where appellant proves newly-recognized constitutional right).

Here, Appellant claims that Megan's Law III, under which the trial court sentenced him, is void *ab initio*, resulting in an unconstitutional sentence because it is as if the offense for which the jury convicted him never existed. (*See* Appellant's Brief, at 4-12). Appellant bases his claim on the Pennsylvania Supreme Court's decision in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), which declared Act 152, which included

the relevant Megan's Law III provisions, unconstitutional.   (**See id.**).

Appellant's claim does not merit relief.[3]

Appellant cannot claim an exception under § 9545(b)(1)(iii) unless he

can prove a "constitutional right" recognized in **Neiman** "has been held by

[our Supreme Court] to apply retroactively."  42 Pa.C.S.A. § 9545(b)(1)(iii).

In **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002), our

Supreme Court addressed the issue of whether a determination of

retroactivity must have already occurred before a petitioner files a PCRA

claiming a "constitutional right" exception pursuant to § 9545(b)(1)(iii).  The

Court stated:

> In construing subsection (iii), as with any question of
> statutory construction, we must begin with the Rules of
> Statutory Construction.  A statute's words and phrases are to be
> construed according to their common and approved usage, and
> where the words of a statute are clear and free from ambiguity,
> the letter of the statute may not be disregarded.  **See** 1 Pa.C.S.
> §§ 1903(a), 1921(b); **Commonwealth v. MacPherson**, 561
> Pa. 571, 752 A.2d 384, 391 (2000).
>
> Subsection (iii) of Section 9545 has two requirements.
> First, it provides that the right asserted is a constitutional right

---

[3] We briefly note that Appellant's reliance on this Court's decisions in
**Commonwealth v. Michuk**, 686 A.2d 403, 407 (Pa. Super. 1996), *appeal
denied*, 698 A.2d 593 (Pa. 1997) (vacating conviction under Motor Vehicle
Code because, during pendency of **direct appeal**, Pennsylvania Supreme
Court struck down subsection of Code under which defendant was convicted)
and **Commonwealth v. Muhammed,** 992 A.2d 897, 903 (Pa. Super. 2010)
(reversing conviction for trademark counterfeiting because Pennsylvania
Supreme Court declared trademark counterfeiting statute unconstitutional)
is misplaced because both cases, unlike the instant matter, were on direct
appeal, not collateral review.

that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501. The Court concluded:

[W]e hold that the language "has been held" means that the ruling on retroactivity of the new constitutional law must have been made prior to the filing of the petition for collateral review.

We find further support for our conclusion today in a recent United States Supreme Court case. *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). In *Tyler*, the [United States Supreme] Court looked at a similar provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provided that the petitioner must make "a prima facie showing" that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Tyler*, 533 U.S. at 660, 121 S.Ct. 2478 (quoting 28 U.S.C. § 2244(b)). Specifically, the [United States Supreme] Court was called upon to interpret the phrase "made retroactive to cases on collateral review by the Supreme Court."

When reviewing the new constitutional rule in context, the [United States Supreme] Court explained that the only way a new rule becomes retroactive was simply by the action of the Supreme Court itself. Further, "the only way the Supreme Court can, by itself 'lay out and construct' a rule's retroactive effect . . . is through a holding." *Id.* at 663, 121 S.Ct. 2478. Thus, the Court determined that a new rule of constitutional law is not "made retroactive to cases on collateral review" unless the Supreme Court has held it to be retroactive. *Id.*

*Id.* at 501-02. "After reviewing the plain language of the subsection and United States Supreme Court caselaw, we are persuaded that the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed." *Id.* at 502.

Here, as discussed above, Appellant bases his claim that his sentence is illegal on our Supreme Court's decision in *Neiman* finding Act 152 unconstitutional. It is unnecessary for us to consider whether in declaring Act 152 unconstitutional the Pennsylvania Supreme Court announced a new "constitutional right" because our review of *Neiman* confirms that our Supreme Court did not direct that the decision was to apply retroactively. Moreover, the *Neiman* decision did not discuss the effects of its ruling on cases that had become final before it was decided. Thus, it cannot be said that the right asserted by Appellant "has been held by [our Supreme Court] to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Therefore, Appellant has not met the requirements of § 9545(b)(1)(iii).

Moreover, the fact that Appellant challenges the legality of sentence does not change the result. In *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Fahy*, *supra* at 223 (citation omitted). Thus,

Appellant cannot evade the PCRA timeliness requirements based on a claim of an illegal sentence. ***See id.***

Although the PCRA court did not dismiss Appellant's PCRA petition as untimely, we conclude that Appellant did not file a timely PCRA petition and is not saved by any exception under § 9545(b)(1). "As an appellate court, we may affirm by reasoning different than that used by the trial court." ***Commonwealth v. Miller***, 787 A.2d 1036, 1038 (Pa. Super. 2001), *appeal denied*, 798 A.2d 1288 (Pa. 2002) (citation omitted). Because Appellant's petition is untimely with no statutory exception to the time bar pleaded and proven, the PCRA court was without jurisdiction to address the merits of Appellant's claims, and we are without jurisdiction to review them. ***See Hutchins***, ***supra*** at 53.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016

- 8 -