IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Save Philly Stores Darby, LLC d/b/a    :
Save A Lot,                            :
                    Petitioner    :
                                            :
        v.    :          No. 1324 C.D. 2019
                                            :          Argued:  June 12, 2020
Department of Health, Bureau of WIC,    :
                    Respondent    :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                FILED:  July 17, 2020

         Save Philly Stores Darby, LLC d/b/a Save A Lot (Save A Lot) petitions for review from a Hearing Officer's (Hearing Officer) September 4, 2019 Adjudication and Order affirming the November 21, 2017 decision of the Commonwealth of Pennsylvania, Department of Health (DOH), Bureau of Women, Infants, and Children (WIC), disqualifying Save A Lot from participation in the WIC program (Program) for one year for failing to attend mandatory annual WIC training. Upon review, we affirm the order of the Hearing Officer.

## I.    Background

         By letter dated November 21, 2017, DOH informed Save A Lot that it was being disqualified from the WIC program for a period of one year in accordance with WIC regulations (Regulations), for failing to have at least one representative attend mandatory annual WIC training during Federal fiscal year 2016-2017.

On December 13, 2017, Save A Lot filed a Notice of Appeal and Request for Hearing in regard to DOH's determination. Save A Lot admitted it did not have anyone in attendance at the scheduled training but asserted that the failure was due to an oversight by a store employee who did not attend because of a family emergency and to a miscommunication with another employee who was scheduled to attend. On April 19, 2019, a hearing was held before the Hearing Officer. On September 4, 2019, the Hearing Officer issued an adjudication and order, affirming DOH's decision disqualifying Save A Lot from participation in the WIC program for one year.

## II. Applicable Law

The issues in this matter coalesce, primarily, around the following sections of 28 Pa. Code, Part VIII, Supplemental Nutrition Program for Women, Infants, and Children.[1] These sections are:

### §1103.7. Inadequate participant access.

\*\*\*

(b) The Department may consider whether there is inadequate participant access when deciding whether to impose a civil money penalty in lieu of disqualification under §1107.1 (relating to imposition of sanctions).

(c) Inadequate participant access is any of the following:

(1) Ten or more participants whose specific nationality, ethnicity or religious dietary needs cannot be served

---

[1] "It is well settled law that an agency's substantive regulations, when properly enacted . . . have the force and effect of law and enjoy a general presumption of reasonableness." *Eastwood Nursing and Rehab. Ctr. v. Dep't of Pub. Welfare*, 910 A.2d 134, 141-142 (Pa. Cmwlth. 2006).

properly by another WIC[-]authorized store located in accordance with one of the following:

(i) Less than 3 miles of the store for counties with participant density less than 25 participants per square mile.

(ii) Less than 2 miles of the store for counties with participant density of 25 to 100 participants per square mile.

(iii) Less than 1 mile of the store for counties with participant density greater than 100 participants per square mile.

(2) Ten or more participants will be required to travel in accordance with one of the following:

(i)  Three or more miles to the next closest WIC[-]authorized store for counties with participant density less than 25 participants per square mile.

(ii)  Two or more miles to the next closest WIC[-]authorized store for counties with participant density of 25 to 100 participants per square mile.

(iii)  One or more miles to the next closest WIC[-]authorized store for counties with participant density greater than 100 participants per square mile.

(3) A participant has a physical disability that cannot be accommodated by another WIC[-]authorized store in accordance with one of the following:

(i)  Within 3 miles of the store for counties with participant density less than 25 participants per square mile.

(ii)  Within 2 miles of the store for counties with participant density of 25 to 100 participants per square mile.

(iii)  Within 1 mile of the store for counties with participant density greater than 100 participants per square mile.

(4) Ten or more participants are affected by physical barriers or conditions which make normal travel to another WIC[-]authorized store impractical.

28 Pa. Code § 1103.7.

## § 1105.1. Training.

***

(b) *Annual training.* The Department will provide for WIC[-]authorized stores annual training which is designed to prevent WIC Program errors and abuses and to improve WIC Program services. The following apply to annual training:

(1) A WIC[-]authorized store shall ensure that at least one representative from the store who is responsible for training store personnel on the WIC Program shall attend.

(2) Attendance is mandatory.
. . . .

(5) Failure to have at least one representative attend training shall result in the Department imposing sanctions against the WIC-authorized store under §1107.1a.(d)(15) (relating to disqualifications).

28 Pa. Code § 1105.1.

## § 1107.1. Imposition of sanctions.

(a) The Department may disqualify a WIC[-]authorized store or impose a civil money penalty in lieu of disqualification for reasons of WIC Program abuse. In the case of fraud, trafficking, sale of alcohol or alcoholic beverages or tobacco products the Department will not provide the store with a prior warning that violations were occurring before imposing the sanctions. For other serious program violations or offenses, the Department may choose to not provide the store with prior warning that violations were occurring before imposing the sanctions. The store may appeal a Department decision pertaining to disqualification, denial of authorization or reauthorization, or other adverse action that affects the store's status as a WIC[-]

4

authorized store in accordance with §1113.1 (relating to right to administrative appeal). Expiration of authorization, disqualification of a store as a result of disqualification from the Food Stamp Program, and the Department's determination regarding inadequate participant access are not subject to review.

(b) The Department will disqualify a store which has been disqualified from the Food Stamp Program unless the Department determines that the disqualification of the store would result in inadequate participant access under §1103.7 (relating to inadequate participant access). If the Department determines that disqualification of the store would result in inadequate participant access under §1103.7, the Department will give the store the option of paying a civil money penalty in lieu of disqualification.

(c) The Department will disqualify a store that has been assessed a civil money penalty in lieu of disqualification under the Food Stamp Program unless disqualification of the store from the WIC Program would result in inadequate participant access or would otherwise adversely affect the interest of participants. . . .

(d) The Department will disqualify a store for WIC Program violations in §1107.1a (relating to disqualifications) unless the Department determines that disqualification of the store under §1107.1a(b)—(d) would result in inadequate participant access. In that case, the Department will give the store the option of paying a civil money penalty in lieu of disqualification. The Department will not give the store the option of paying a civil money penalty in lieu of disqualification for third or subsequent violations. A violation committed during a prior authorization period will support a disqualification.

28 Pa. Code § 1107.1.


### § 1107.1a. Disqualifications.

***

(d) *One-year disqualification.* The Department will disqualify a WIC[-]authorized store for 1 year for any of the following violations:

5

(15) Failing to have at least one representative of the store attend required training.

28 Pa. Code § 1107.1a.

**§ 1113.1. Right to administrative appeal.**

***

**(b) A store may not appeal the following:**

(1) The expiration of authorization or reauthorization.

(2) The validity or appropriateness of selection criteria.

**(3) The validity or appropriateness of the Department's participant access criteria and the Division of WIC's participant access determination.**

28 Pa. Code §1113.1 (emphasis added).

### III.   Hearing Officer's Adjudication and Order

After taking testimony and evidence at a hearing, the Hearing Officer issued an adjudication and order in which he made the following findings of fact as stated verbatim, or closely paraphrased, below.  Reproduced Record (R.R.) at 142A-158A.

Save A Lot was a WIC-authorized store in Delaware County, Pennsylvania.  R.R. at 145A.  "WIC-authorized stores are required to abide by Federal and State regulations pertaining to the WIC Program."  *Id.*  "WIC-authorized stores are required to have at least one representative from the store attend mandatory

annual training." *Id.* On August 20, 2017, DOH sent correspondence to Save A Lot informing it of two available mandatory annual training dates in its region. *Id.* Save A Lot received the correspondence, but Save A Lot's designated representatives did not attend either of the identified training sessions. R.R. at 146A.

The Hearing Officer found that, should DOH determine inadequate access for WIC participants will result if a WIC-authorized store is disqualified from the Program, DOH will offer the store a civil monetary penalty in lieu of disqualification. The Hearing Officer further found that, in Delaware County, this would apply if DOH determines there is no other WIC-authorized store within 2 miles, based upon a population density criteria of 200 participants per square mile. Perce Morgan (Morgan) is the WIC Program Supervisor for DOH's WIC Retail Store Unit. R.R. at 146A-147A. Morgan's responsibilities include overseeing the authorization and reauthorization of WIC stores and WIC store training. The Hearing Officer found that, prior to making the determination to disqualify Save A Lot from the WIC Program, Morgan determined WIC participants would not experience any access problems. R.R. at 147A.

Because Save A Lot's designated representatives failed to attend mandatory annual WIC training for Federal fiscal year 2016-2017, and because DOH determined that participant access would not be impeded by the disqualification of Save A Lot's store, DOH served Save A Lot with a notice of program disqualification on November 21, 2017. R.R. at 146A. This notice informed Save A Lot that it was being disqualified from participation in the WIC

7

Program for one year in accordance with 28 Pa. Code §§1105.1(b)(5) and 1107.1a(d)(15). *Id.*

The Hearing Officer determined that DOH's decision to disqualify Save A Lot from participation in the WIC Program for one year was consistent with WIC Program Regulations and was supported by the evidence of record. R.R. at 149A-150A. Save A Lot petitions this Court for review.[2]

## IV. Discussion/Argument

On appeal, Save A Lot argues that DOH may not disqualify it from the WIC Program because DOH did not follow the law regarding imposition of sanctions and did not evaluate whether the disqualification would cause participant hardship or create inadequate participant access in the area of the store's geographic location, per 28 Pa. Code § 1103.7(c)(1)-(4). Save A Lot asserts that, prior to its disqualification from the WIC Program, DOH was required to examine "participant density" within a defined geographic distance to determine if there would be hardship to Program participants left without a nearby WIC-authorized store, per 28 Pa. Code §1103.7(c)(2), or whether a participant, with specific national, ethnic or religious dietary needs would be left unserved by another such store. 28 Pa. Code §1103.7(c)(1). Pet'r's Br. at 14-15.

_____

[2] This Court's review in appeals from adjudications of a Commonwealth agency is whether there is substantial evidence to support the agency's findings of fact, whether the agency committed an error of law, or whether constitutional rights were violated. *B.B. Kim's Market, Inc. v. Dep't of Health, Div. of Women, Infants & Children (WIC)*, 762 A.2d 1134 (Pa. Cmwlth. 2000).

8

In addition, Save A Lot contends that, pursuant to 28 Pa. Code §1103.7(c)(3), DOH must determine whether 10 or more people are affected by physical barriers or conditions which make travel to another WIC store impractical or whether any participants have a physical disability that cannot be accommodated by another WIC-authorized store. 28 Pa. Code §1103.7(c)(4). Save A Lot argues that, while the burden rests with DOH, Save A Lot, itself, took steps, by way of signed surveys/questionnaires, which it presented at the hearing before the Hearing Officer, to provide evidence that some of its customers would suffer a hardship if it was disqualified from the WIC Program. Pet'r's Br. at 15.

Further, Save A Lot contends that DOH was permitted to impose civil monetary penalties in lieu of disqualification for its infraction and that the Hearing Officer had the discretion to direct DOH to do the same. Pet'r's Br. at 13, 17. Save A Lot argues that its disqualification must be reversed, or remanded to DOH for determination of a civil monetary penalty, if any, based on Save A Lot's evidence that there will be customer hardship, and the failure of DOH to investigate whether there would be hardship to WIC Program participants. Pet'r's Br. at 17. Save A Lot further asserts that DOH improperly disqualified it from participation in the WIC Program for a "*de minimis*" infraction, and, thus, failed to follow the mandates of 28 Pa. Code §1107.1(a)-(d). Pet'r's Br. at 13.

Save A Lot argues that the surveys it obtained from customers, and the letters it obtained from some of its employees, should have been admitted into evidence by the Hearing Officer because they were corroborated, inherently reliable, and an exception to hearsay as business records. Specifically, Save A Lot asserts

9

that said documents were corroborated by its witness, office manager, Mr. Oliver McElhone (McElhone), at the hearing before the Hearing Officer and that DOH did not object to their admission. Pet'r's Br. at 17-18. Save A Lot argues that the documents fit within the exception to the hearsay rule, at administrative hearings, as set forth in *Unemployment Compensation Board of Review v. Ceja*, 427 A.2d 631 (Pa. 1981), which Save A Lot suggests "encourages" the admissibility of certain hearsay evidence where same is corroborated and reliable. Pet'r's Br. at 18. In addition, Save A Lot relies on this Court's holding in *Walker v. Unemployment Board of Review*, 367 A.2d 366 (Pa. Cmwlth. 1976), for the proposition that hearsay evidence, admitted without objection, will be given its natural probative effect and may support a finding if it is corroborated by any competent evidence in the record. Save A Lot acknowledges that *Walker* also stands for the proposition that a finding of fact based solely on hearsay will not stand. In this regard, Save A Lot maintains that its witness, McElhone, testified to the contents of the documents and provided the necessary authentication and corroboration, and that its case was not based on the documents alone. Pet'r's Br. at 18-19.

Additionally, Save A Lot asserts that the decision to disqualify it from the WIC Program was not based on substantial evidence and that DOH violated its due process rights under the Fourteenth Amendment to the United States Constitution[3] in that the laws governing the present matter are vague and ambiguous such that Save A Lot was confused and unable to understand the full extent of its rights under the law. Pet'r's Br. at 22-24.

---

[3] U.S. Const. amend. XIV.

## V. Analysis

In conducting our review of Save A Lot's arguments, we first address the contention that the law at issue is unconstitutional due to vagueness and ambiguity and that Save A Lot was denied due process as a result.

Save A Lot argues that a statute may be found unconstitutionally vague if it "lacks definiteness or adequacy of statutory expression." *Com. v. Morgan*, 913 A.2d 906, 911 (Pa. Super. 2006). Save A Lot asserts that, in the instant matter, the law in question is not definite in regard to the penalty provisions that apply to a WIC infraction, providing discretion for punishment on one hand, and no discretion on the other. Pet'r's Br. at 24.

However, as DOH notes in its appellate brief, our Supreme Court has held that:

> "[a] statute is presumed to be constitutional and will only be invalidated as unconstitutional if it 'clearly, palpably, and plainly violates constitutional rights.'" *Commonwealth v. Ludwig*, 874 A.2d 623, 628 (Pa. 2005) (quoting *Commonwealth v. MacPherson*, 752 A.2d 384, 388 (Pa. 2000)). In interpreting statutes, courts shall, where possible, "constru[e] statutes in a constitutional manner." *Id.* (citing *Harrington v. [Dep't] of Transp[.], Bureau of Driver Licensing*, 763 A.2d 386, 393 (Pa. 2000)). To avoid being deemed unconstitutionally vague, "a statute must provide reasonable standards by which a person may gauge his future conduct[.]" *Id.* (citing *Smith v. Goguen*, 415 U.S. 566 (1974)). A party challenging the constitutionality of a statute "bears a heavy burden of persuasion." *Id.* (citing *MacPherson*, 752 A.2d at 388).

Resp't's Br. at 18.

11

Section 1105.1(b)(5) of the Regulations states that "(f)ailure to have at least one representative attend training shall result in DOH imposing sanctions against the WIC-authorized store under Section 1107.1a(d)(15) (relating to disqualifications)." 28 Pa. Code §1105.1(b)(5). The sanction to be imposed under Section 1107.1a(d)(15) is a mandatory one-year disqualification. 28 Pa. Code §1107.1a(d)(15). DOH does not have the authority to issue a civil monetary penalty in lieu of disqualification absent a showing of inadequate participant access. The Regulations are presumed to be constitutional and provide clear and reasonable standards to guide WIC-authorized vendors, such as Save A Lot, as well as DOH, in the administration of the Program. Although Save A Lot contends that the Regulations are confusing, and, in fact, the Regulations may have been confusing to Save A Lot, it has not demonstrated that the Regulations are objectively vague and/or confusing. Further, the evidence of record establishes that Save A Lot understood its obligation to attend mandatory annual training and that it had consistently done so prior to 2017, providing some reasonable indicia that it understood, and continues to understand, its rights and obligations under the law as it currently exists. Thus, in our view, Save A Lot has not met the heavy burden of persuasion required to demonstrate that the Regulations are unconstitutionally vague and unenforceable. Having arrived at this conclusion, we turn our attention to Save A Lot's remaining arguments.

Save A Lot argues that the Hearing Officer erred by not admitting into evidence the surveys and letters Save A Lot obtained from its customers and presented at the hearing in this matter. Save A Lot contends that these documents were proffered without objection and were corroborated by its witness, McElhone,

12

at the hearing. However, Save A Lot's reliance on *Walker* is unavailing, as the documents were not admitted without objection. Despite Save A Lot's contention to the contrary, DOH's legal counsel objected to the letters and surveys when proffered by Save A Lot at the hearing. R.R. at 70A-74A. Save A Lot further argues that these documents should have been admitted into evidence because they are inherently reliable and are an exception to hearsay as business records.

Save A Lot suggests that the letters and questionnaires it sought to introduce are admissible under Rule 803(6) of the Pennsylvania Rules of Evidence,[4] as records of a regularly conducted business activity. Pet'r's Br. at 18. However, Save A Lot did not establish that these records were kept in the course of a regularly conducted activity of the business. Rather, these exhibits were specifically created at the request

---

[4] Pa. R.E. 803(6) states, in pertinent part:

> Records of a Regularly Conducted Activity. A record (which includes a memorandum, report or data compilation in any form) of an act, event or condition if:
>
> (A) the record was made at or near the time by-or from information transmitted by-someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a "business. . . . ;"
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

of Save A Lot, after-the-fact, to explain why it did not have a representative in attendance at the WIC mandatory annual training and to provide information about the detrimental impact that its disqualification from the Program would have on some of its customers. R.R. at 147A; April 19, 2019 Hearing Notes of Testimony (N.T.) at 57. However, as part of its reliance on Pa. R.E. 803(6), Save A Lot was required, among other things, to demonstrate that the records were "kept in the course of a regularly conducted business, and it must be the regular practice of the business to keep records of the type offered into evidence." *Ganster v. W. Pa. Water Co.,* 504 A.2d 186, 190 (Pa. Super. 1985); *See also Bayview Loan Servicing LLC v. Wicker*, 206 A.3d 474 (Pa. 2019). Save A Lot needed to demonstrate that the records were "made systematically and as part of a regular routine which requires the recording of events or occurrences" and that there was "no lack of trustworthiness" in the records themselves. *Id.* Save A Lot offered no evidence that these records were "kept in the course of a regularly conducted activity" of the business.

Some of the documents were letters proffered to explain why Save A Lot failed to ensure that one of its representatives attended mandatory annual training. Others were questionnaires prepared so that customers could provide information about whether, and how, they would be adversely affected by Save A Lot's one-year disqualification from the Program. R.R. at 83A-104A; 147A. All of the documents were prepared after Save A Lot's disqualification from the WIC Program. The letters were prepared by employees in an attempt to explain why they missed the mandatory annual training so that Save A Lot would not be disqualified from the WIC Program. They were not drafted as part of a systematic or regular routine. Further, and as DOH maintains, the letters failed to demonstrate trustworthiness because they were created

14

by individuals (employees) who stood to benefit if Save A Lot was not disqualified from the WIC Program. Resp't's Br. at 17; R.R. at 78A-80A. As such, the Hearing Officer properly determined that none of these exhibits were admissible under Pa. R.E. 803(6) as records of a regularly conducted business activity, and all were appropriately rejected by the Hearing Officer as hearsay. Pa. R.E. 803(6). In addition, and as DOH also notes, the reasons that Save A Lot's employees failed to attend the mandatory annual training are irrelevant because intent is not considered when determining whether there was a violation of the Regulations. *See* 28 Pa. Code §1101.2.[5] Resp't's Br. at 15. Ironically, the admission of these exhibits into evidence would only buttress DOH's position by serving as an admission by Save A Lot that it did not send a representative to mandatory annual training.

As an additional matter of contention, Save A Lot argues that the Hearing Officer erred by finding DOH had properly determined whether adequate participant access would be maintained prior to Save A Lot's disqualification from the WIC Program and that the decision to disqualify Save A Lot was not supported by substantial competent evidence. Pet'r's Br. at 9; Resp't's Br. at 8-12. We disagree. "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Shinsky)*, 421 A.2d 1060, 1062 (Pa. 1980) (citing *In re Shenandoah Suburban Bus Lines, Inc.*, 50 A.2d 301 (Pa. 1947)). Specifically, when performing a substantial evidence analysis, a court must view the evidence in

---

[5] 28 Pa. Code §1101.2 states: "*Store violation*—Intentional or unintentional action by the owners, officers, managers, agents or employees of a WIC-authorized store that violates the requirements in this part governing the store's participation in the WIC Program and that may result in a claim."

15

the light most favorable to the party that was successful in the case before the fact finder. *WAWA v. Workers' Comp. Appeal Board (Seltzer)*, 951 A.2d 405 (Pa. Cmwlth. 2008). Appellate review must, therefore, "focus on whether there is rational support in the record, when reviewed as a whole, for the agency action." *Republic Steel Corp.*, 421 A.2d at 1063.

In the instant matter, the Hearing Officer determined that, in Delaware County, a WIC-authorized store, such as Save A Lot, would be offered a civil monetary penalty due to inadequate participant access (in lieu of disqualification for failing to attend mandatory training), if there was no other WIC-authorized store within two miles. This is based upon a density criterion of 200 participants per square mile density.[6] R.R. at 146A. Although Morgan did not testify in intricate detail about DOH's methodology, he provided sufficient testimony for the Hearing Officer to credit DOH's position that it had determined no access problems would result from Save A Lot's disqualification from the WIC Program prior to issuing its November 21, 2017 disqualification letter. R.R. at 146A-147A. Further, there is nothing in the Regulations that requires a participant density study to be conducted prior to each disqualification. *See* 28 Pa. Code §1103.7. Moreover, under 28 Pa.

---

[6] As DOH's witness, Morgan testified, and the Hearing Officer accepted, based on the participant density information available for Delaware County, DOH properly concluded Save A Lot's disqualification would not result in inadequate participant access. Specifically, if another WIC-authorized store had not been located within two miles, Save A Lot would not have been disqualified from the WIC Program due to inadequate participant access. R.R. at 46A-47A. The use of the two-mile measurement is established by the Regulations and is determined by the density of participants in the county where Save a Lot is located. *Id.*; 28 Pa. Code § 1103.7.

16

Code §1113.1(b)(3), Save A Lot is *barred* from appealing DOH's determination regarding participant access.[7] *See also* R.R. at 152A-153A.

Additionally, Save A Lot argues it should not have been disqualified from the Program for a "*de minimis* infraction." Pet'r's Br. at 13. However, the term "*de minimis*" or "*de minimis* infraction" does not appear in the Regulations. Furthermore, failure to attend mandatory annual training carries with it a one-year disqualification from the Program, which, in and of itself, implies a level of severity that is more than "*de minimis*" in nature. To this point, examples of other violations which require a one-year disqualification from the Program include providing false information on a store's application for authorization or reauthorization in the Program, failure to properly refrigerate allowable foods, and closure of a participating store by a county or local health department. *See* 28 Pa. Code §1107.1a.

After hearing testimony from witnesses on behalf of Save A Lot and DOH and making his findings of fact, the Hearing Officer concluded:

> 4. WIC-authorized stores are on notice under [DOH's] regulations that following authorization, [DOH] will provide annual training for WIC-authorized stores which is designed to prevent WIC Program errors and abuses and to improve WIC Program services. (28 Pa. Code §1105.1(b)).
>
> 5. WIC-authorized stores are on notice under [DOH's] regulations that attendance at annual training is mandatory. (28 Pa. Code §1105.1(b)(2)).

---

[7] Although we consider the issues raised by Save A Lot relative to the matter of participant access, we do so in light of the understanding that 28 Pa. Code §1113.1(b)(3) strictly bars any appeal of DOH's determination in this regard.

17

6. WIC-authorized stores are on notice under [DOH's] regulations that their failure to have at least one representative attend training shall result in [DOH] imposing sanctions against the offending WIC-authorized stores under §1107.1a(d)(15) (relating to disqualifications). (28 Pa. Code §1105.1(b)(5)).

7. WIC-authorized stores are on notice under [DOH's] regulations that their failure to have at least one representative attend training shall result in a one-year disqualification from the WIC Program. (28 Pa. Code §1107.1a(d)(15)).

R.R. at 149A.

As the Hearing Officer determined, Save A Lot understood the rules to which it was required to abide and the consequences of failing to abide by those rules. Ultimately, Save A Lot's informed choices resulted in a proper disqualification from the WIC program for one year. The Hearing Officer heard testimony and reviewed the evidence, concluding that "[b]ased on the admissible evidence presented and regulations applicable to [Save A Lot] as a participant of the WIC Program," DOH's disqualification of Save A Lot from participation in the WIC Program for a period of one year should be affirmed as a result of its failure to attend the mandatory training required by 28 Pa. Code §1105.1(b). R.R. at 157A.

Based upon our review, it is apparent to us that the Hearing Officer's findings and conclusions were supported by the substantial competent evidence of record. Further, we discern no error of law or abuse of discretion. Seeing no basis upon which we would disturb the outcome in this matter, the adjudication and order

18

of the Hearing Officer, which affirmed the determination of DOH disqualifying Save A Lot from participation in the WIC Program for one year, is affirmed.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Save Philly Stores Darby, LLC d/b/a　　　:
Save A Lot,　　　　　　　　　　　　　:
　　　　　　　　　　Petitioner　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　:　　No.  1324 C.D. 2019
　　　　　　　　　　　　　　　　　　:
Department of Health, Bureau of WIC,　　:
　　　　　　　　　　Respondent　　　　:

# **O R D E R**

**AND NOW**, this 17th day of July 2020, the order of the Hearing Officer, affirming the determination of the Department of Health, Bureau of Women, Infants and Children (WIC) that Save Philly Stores Darby, LLC d/b/a Save A Lot was properly disqualified from participation in the WIC Program for one year, for failing to attend mandatory annual training, is **AFFIRMED**.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　J. ANDREW CROMPTON, Judge